**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| MICHAEL MOORE, | | |
| | * | |
| Plaintiff, | | |
| | * | |
| v. | | |
| | * | Civil No. 24-2210-BAH |
| MAYOR BRANDON SCOTT ET AL., | | |
| | * | |
| Defendants. | | |
| | * | |

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *

<u>**MEMORANDUM AND ORDER**</u>

Plaintiff Michael Moore ("Plaintiff") filed the above-captioned complaint *pro se* together with a motion for leave to proceed in forma pauperis, ECF 2, which will be granted. Plaintiff also filed a motion requesting a subpoena, ECF 4, and a motion for leave to file a physical exhibit, ECF 7, which will be denied.

Because Plaintiff has not paid the filing fee, Section 1915(e)(2)(B) of 28 U.S.C. requires this Court to conduct an initial screening of this complaint and dismiss any complaint that: (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721, 1723 (2020). The Court is mindful of its obligation to construe liberally a complaint filed by a self-represented litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up

questions never squarely presented").   Here, the complaint is deficient in several ways as outlined below.  Plaintiff shall be afforded an opportunity to amend his complaint to correct the defects.

Plaintiff brings suit against defendants Mayor Brandon Scott, Peace Officer F. Willcox, and Robert Leonard, Esq.  *See* ECF 1, at 1.  The following documents were attached to the complaint: a case document from a previous suit Plaintiff filed against Brandon Scott, a statement of charges[1] against Plaintiff alleging Plaintiff assaulted Brandon Scott, correspondence between Plaintiff and his federal public defender, an initial appearance report, inter-office correspondence between the state's attorney's office and the Internal Affairs Section, a Baltimore County Police case report documenting the incident between Plaintiff and Officer Wilcox, a statement of charges[2] against Plaintiff alleging destruction of property and obstruction and hinderance of a police officer's performance of his official duties, correspondence with attorneys from Hansel Law, PC, documents related to a Maryland Tort Claims Act claim filed by Plaintiff, and other various case documents from Plaintiff's criminal charges.  *See generally* ECF 1-1.[3]

The Court takes judicial notice of *Moore v. Wilcox, et al.*, Civ. No. 23-1931-BAH, in which Plaintiff brought suit against the same defendants for what appears to be the same claims.

---

[1] Specifically, the statement of charges includes Detective Anthony Forbes's observation from surveillance footage that "Mr. Moore is seen shoving Mr. Scott several times as Mr. Scott is walking away to his destination."  ECF 1-1, at 6.  Moreover, in a follow-up interview, Mr. Scott alleged that a "male bumped into him . . . swung with a closed fist and struck Mr. Scott in the face . . . [and] shoved him."  *Id.*

[2] Specifically, the statement of charges alleges that, after an altercation between Plaintiff and Officer Wilcox over Officer Wilcox's use of tape on the fingerprinting machine, Plaintiff picked up a rug and threw it at the computer monitor in the booking room, "causing the mount and monitor to bend forward."  ECF 1-1, at 30.

[3] Plaintiff appears to have filed duplicate copies of some documents.  *See generally* ECF 1-3.

*See* ECF 1 in Civ. No. 23-1931-JRR.  On September 26, 2023, Judge Rubin ordered Plaintiff to file an amended complaint within 28 days that satisfied federal pleading requirements.  *See* ECF 4 in Civ. No. 23-1931-JRR.  Plaintiff failed to file a timely amended complaint and thus, on November 1, 2023, this Court dismissed the case without prejudice.  *See* ECF 5 in Civ. No. 23-1931-BAH.

In the instant case, Plaintiff alleges violations of his rights by Brandon Scott, Mayor of Baltimore City, an unnamed booking officer, and lawyers at Robbie Leonard law office.  *See generally* ECF 1.  Plaintiff titles the complaint, "A Brief Timeline On Conspiracy, Attempt Murder, & an attempt to cover up from Mayor Brandon M. Scott" (capitalization in original).  Plaintiff asserts that there was a "verbal agreement that was cleared that he would help me gain my motorcycle, which he wasn't able to do, which ended in a Baltimore city [replevin] case that should have been in Baltimore County."  ECF 1, at 4.  Further, Plaintiff avers that there was "a deal that would help the community in service of cleaning of the city done by homeless personals that wanted to earn a stipend," but according to Plaintiff, Brandon Scott "backed off the deal and denied [him] suit through political avenues."  *Id.*  Additionally, Plaintiff states that Brandon Scott "during election 2020, assaulted [Plaintiff] on an election trail then lied and filed charges against [him] which ended up in [Plaintiff] counterfiling." [4]  *Id.*  Plaintiff alleges that he was "forced to sign documents" and "drop charges."  *Id.*

Plaintiff also states that he is "a victim of Baltimore City Police Brutality."  ECF 1, at 5.  Plaintiff alleges that "[w]hile at a traffic stop, [he] was apprehended, taken into custody and placed on house arrest [for] falsely violat[ing] [] home detention."  *Id.*  Plaintiff appears to assert

---

[4] Plaintiff does not specifically name Brandon Scott in this allegation, but the Court, in accordance with its obligation to liberally construe the complaint, assumes, based on context, that Plaintiff is referring to Brandon Scott.

that a judge found that he did not violate home detention, *see id*., but the warrant was "never recalled." *Id.*  Plaintiff also alleges that while he was at the police station, the booking officer "forged a fingerprint using tape on the fingerprinting machine." *Id.*  After Plaintiff allegedly "touched the tape," the officer, purportedly "grabbed [him] with a choke hold," said, "don't touch my [] tape," and then "tried to slam" Plaintiff.  *Id.* at 5–6.  Plaintiff then asked for a supervisor, the booking officer left, and came back with another officer, who "shackled [Plaintiff's] feet." *Id.* at 6.  A sergeant eventually came into the room and indicated he would "write the event up and give [Plaintiff] a copy of the complaint." *Id.*

Additionally, Plaintiff avers that he was later "arrested by a US Marshall in [his] pursuit of justice of Officer Wilcox['s] injustice." *Id.* at 7.  Plaintiff alleges that he "asked to be housed in isolation[] and [he] was sent to MRDCC," where a "fire was started 3 cells from [his.]" *Id.*  Plaintiff further asserts that "no staff was available for 2 weeks, ending in a tort claim[.]" *Id.*  Plaintiff alleges that upon release, he reached out to Robbie Leonard Law Office to take up his claim against Officer Wilcox and a tort claim for the incident while he was in custody.  *Id.*  However, according to Plaintiff, the law office "later stated they weren't representing [him] after signing documents on formation release but yet no retainer," and "attempt[ed] to hijack the claim for themselves and cover it up." *Id.*  Plaintiff asserts the law office "conspire[d] to defraud and cover up a political hit, breaking the civil right of false representation, and attempting to breach his bar oath, and premediated rob[bed] [him]." *Id.* at 7–8.

Plaintiff brings his claims under 31 U.S.C. § 3729 (the False Claims Act), 18 U.S.C. § 1512 (Tampering with a Witness, Victim, or an Informant), 18 U.S.C. § 1519 (Destruction, Alteration, or Falsification of Records in Federal Investigations and Bankruptcy), Maryland Criminal Code § 3-202 (First Degree Assault), California Penal Code § 664 / 187(a) (Attempted

Murder), and 18 U.S.C. § 371 (Conspiracy to Commit Offense Against or Defraud United States). The Court will first analyze the claim under the False Claims Act and then address the claims under various federal and state criminal statutes.

### 1. The False Claims Act

The False Claims Act (FCA) seeks "to combat fraud perpetrated against the United States." *Rahmi v. Jackson Kelly Atty's at Law,* No. 13-cv-132, 2014 WL 1233740, at *4 (N.D.W. Va. Mar. 25, 2014). To achieve this goal, the Act imposes civil liability on any person who, *inter alia,* "knowingly presents, or causes to be presented, to [the United States government] a false or fraudulent claim for payment or approval" or "knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government." 31 U.S.C. § 3729(a). Plaintiff's FCA claim is barred because "a private right of action does not exist for *pro se* plaintiffs under the False Claims Act." *See Hamilton v. N. VA Dist. Office*, No. 20-cv-644, 2021 WL 3417962, at *3 (E.D. Va. 2021) (citing *U.S. ex rel. Brooks v. Lockheed Martin Corp.*, 237 F. App'x 802, 803 (4th Cir. 2007)). In addition, the Court finds that the factual allegations in the complaint fall short of stating a plausible claim for relief against any defendant under the False Claims Act. It is not clear from the complaint that any defendant knowingly used a false record to get a false claim paid or approved by the Government. Accordingly, Plaintiff does not state a valid claim for relief under the False Claims Act.

### 2. Claims Brought Pursuant to Federal and State Criminal Statutes

As summarized above, the complaint asserts claims against Defendants pursuant to three federal criminal statutes, i.e., 18 U.S.C. §§ 1512, 1519, and 371, and two state criminal statutes, i.e., Maryland Criminal Code § 3-202 (First Degree Assault) and California Penal Code § 664 / 187(a) (Attempted Murder). As is well-established, "'[u]nless there is a clear [legislative] intent

to provide a civil remedy, a plaintiff cannot recover civil damages for an alleged violation of a criminal statute.'" *United States ex rel. Angel v. Scott*, 697 F. Supp. 3d 483, 490 (E.D. Va. 2023) (citing *Brown v. Clements*, No. 15-cv-104, 2015 WL5677296, at *9 (E.D. Va. Sept. 23, 2015)) (brackets in original).   "A bare criminal statute provides for no express civil remedy." *Id.* (quotation and citation omitted).   Additionally, the decision of whether to prosecute, and what criminal charges to bring, generally rests with the prosecutor. [5]   *Shahin v. Darling*, 606 F. Supp. 2d 525, 538 (D. Del. 2009) (citing *United States v. Batchelder,* 442 U.S. 114, 124 (1979)); *see also Smith v. Shaw*, Civ. No. 09-1001, 2012 WL 1832340, at *1 (S.D.W. Va. April 25, 2012) ("Plaintiff has no right to initiate criminal proceedings against Defendant.").

Here, Plaintiff purports to bring civil claims under federal and state criminal statutes.  But all of the statutes referenced in the complaint are bare criminal statutes that do not provide private causes of action.   First, Plaintiff alleges a violation of a federal criminal statute prohibiting witness tampering, i.e., 18 U.S.C. § 1512.   However, 18 U.S.C. § 1512 does not authorize a private cause of action for money damages.   *See Shahin*, 606 F. Supp. 2d at 538 (dismissing claim under 18 U.S.C. § 1512 because the criminal statute does not authorize a private cause of action); *Palencia v. N. Point Veterans Program-Turning Point,* Civ. No. 20-1691, 2020 WL 7059557, at *1 (W.D. Pa. Dec. 2, 2020) ("18 U.S.C. § 1512 is a criminal statute that does not create a private cause of action.") (internal citations omitted).   Second, Plaintiff asserts a violation of a federal criminal statute prohibiting the destruction, alteration, or

---

[5] Additionally, the court notes that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Therefore, if Plaintiff intended this lawsuit to serve as a request for the criminal prosecution of any named defendant, such request would necessarily fail.  *See Heard v. Fed. Bureau of Investigation*, Civ. No. 18-1743-HMH-BM, 2018 WL 4926459, at *3 (D.S.C. Sept. 12, 2018) ("Petitioner here has no constitutional right to, or in fact any judicially cognizable interest in, the criminal prosecution or non-prosecution of another person.").

falsification of records in federal investigations and bankruptcy, i.e., 18 U.S.C. § 1519. But this criminal statute also does not provide a private cause of action. *See, e.g., Bratset v. Davis Joint Unified Sch. Dist.*, No. 16-cv-0035, 2017 WL 6484308, at *4 (E.D. Cal. Dec. 19, 2017) (noting that "18 U.S.C. § 1519 is a federal criminal statute that does not provide a private right of action"); *Hopson v. Shakes*, No. 12-cv-722, 2013 WL 1703862, at *2 (W.D. Ky. Apr. 19, 2013) ("The federal obstruction of justice statutes, 18 U.S.C. §§ 1501 *et seq.*, do not provide for a private cause of action or civil remedies."); *Peavey v. Holder*, 657 F. Supp. 2d 180, 190 (D. D.C. 2009) ("[T]o date, no circuit or Supreme Court opinion has held that § 1519 creates a private right of action.").

Plaintiff also alleges a violation of his rights under a federal criminal statute criminalizing conspiracy to commit an offense against or defraud the United States, i.e., 18 U.S.C. § 371. However, 18 U.S.C. § 371 "criminalizes the act of conspiring to commit a crime against the United States; it does not create a cause of action for individuals alleging conspiracy." *Bey ex rel. Graves v. Richmond Redevelopment and Housing Auth.*, No. 13-cv-464, 2013 WL 4066945, at *5 (E.D. Va. Aug. 9, 2013) (citing *Horn v. Brennan,* 840 F. Supp. 2d 576, 582 (E.D.N.Y. 2011) ("[Section] 371 criminalizes a conspiracy to commit any offense against or to defraud the United States, but, by its terms, does not provide for a private, civil cause of action to be brought by a private citizen for a conspiracy against such citizen.")). Thus, Plaintiff fails to state a claim upon which relief can be granted under any of the federal criminal statutes.

Turning to the state criminal statutes upon which Plaintiff relies, the Court similarly finds no private cause of action for money damages for attempted murder under California Penal Code § 664 / 187(a). "Attempted murder is a common-law crime and there is no civil private right of action." *See Robinson v. Sharp*, No. 17-cv-1011, 2017 WL 7513530, at *4 (D.S.C. July 27,

2017).  Plaintiff also alleges first-degree assault under the Maryland Criminal Code.  ECF 1, at 7.

The Maryland Criminal Code criminalizes causing or attempting to cause serious physical injury

to another.  Md. Code, Crim. Law § 3-202.  A person who violates this section of the Criminal

Code is guilty of the felony of assault in the first degree and on conviction is subject to

imprisonment not exceeding 25 years.  *Id.*  As is well-established, a criminal statute does not

create a private right of action.  *See Brett v. Blume*, No. 19-cv-1134, 2019 WL 2178321, at *2

(D.S.C. Apr. 19, 2019) (noting that criminal statutes that provide criminal penalties do not give

rise to civil liabilities).  Accordingly, the complaint does not state a plausible claim for relief

against any named defendant under the federal or state criminal statutes.

Plaintiff's assault claim, however, could be liberally construed as a claim for a violation

of Plaintiff's Fourth and Fourteenth Amendment rights.  Such claims fall under the purview of §

1983, which "creates a private right of action to vindicate violations of rights, privileges, or

immunities secured by the Constitution and laws of the United States." *Rehberg v. Paulk*, 566

U.S. 356, 361 (2012).  To state a claim to relief under § 1983, Plaintiff must allege two essential

elements: (1) that a right secured by the Constitution or laws of the United States was violated,

and (2) that the alleged violation was committed by a person acting under the color of state law.

*West v. Atkins*, 487 U.S. 42, 48 (1988).  Because Plaintiff could, in theory, cure the defect in his

complaint by amending the cause of action to arise under § 1983 instead of the Maryland

Criminal Code, this Court will give him an opportunity to do so.  Additionally, assault is an

actionable tort claim, but the claim must arise under tort law, not criminal law, and Plaintiff must

sufficiently allege each element of assault.[6]

---

[6] It appears based on the documents attached to Plaintiff's complaint that Plaintiff has previously filed a Maryland Tort Claims Act and the Treasurer considered a tort claim for money damages. However, it is unclear what the outcome was, or which specific claims were brought in the

Additionally, when describing the incident at the precinct, Plaintiff only refers to the "booking officer," rather than naming a specific officer.  ECF 1, at 5.  It is not sufficiently clear from the complaint who the booking officer is.[7]  Plaintiff is directed to address this issue in the amended complaint.  Plaintiff is reminded that the allegations must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002).

Plaintiff will be permitted to amend his complaint to supplement his existing allegations to state a claim upon which relief can be granted.  However, in doing so, Plaintiff is reminded that under Fed. R. Civ. P. 8(a), a pleading which sets forth a claim for relief, shall contain: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and  (3) a demand for the relief sought.  Moreover, each "allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).  Plaintiff must also name individual defendants, describe how each is involved in the matter, and list the precise relief.

Plaintiff's motion requesting a subpoena, ECF 4, is denied because it seeks discovery, which is premature at this stage of the proceeding.  Plaintiff's motion for leave to file a physical exhibit, ECF 7, is denied without prejudice because it is similarly premature.

**Conclusion**

---

separate suit.  To the extent Plaintiff has already litigated a tort claim related to the facts alleged in the instant complaint, relitigation of that claim would be barred by res judicata.

[7] At the end of the factual recitation, the complaint states: "$100 million Whitmarsh Precinct #9 and officer P.F. Wilcox! May 16 2021 IAS was contacted and the case number is AC2021-031." ECF 1, at 6.  If Officer Wilcox was the booking officer, Plaintiff must explicitly state as much in the factual recitation of the incident.

In addition to its "inherent authority" to dismiss "frivolous complaints," *Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014), a court can also dismiss a complaint sua sponte for failure to state a claim.  *See Webb v. EPA*, 914 F.2d 1493 (4th Cir. 1990). However, "district courts may only exercise their authority to sua sponte dismiss inadequate complaints if the procedure employed is fair to the parties.  Namely, the party whose complaint stands to be dismissed must be afforded notice and an opportunity to amend the complaint or otherwise respond." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 291 (4th Cir. 2021).  The Court will therefore permit Plaintiff to amend his complaint.  Plaintiff is forewarned that if an amended complaint is not timely filed, the case will be dismissed without further warning.

Accordingly, it is this 18 day of October, 2024, by the United States District Court for the District of Maryland, hereby ORDERED that:

1.  Plaintiff's motion for a subpoena, ECF 4, and motion for leave to file a physical exhibit, ECF 7, are DENIED;

2.  Plaintiff is GRANTED twenty-one (21) days from the date of this order to file an amended complaint as directed above;

3.  The Clerk SHALL PROVIDE a copy of this Order to Plaintiff, along with a copy of the original complaint.

4.  Plaintiff is FOREWARNED that:

    a.  The amended complaint must meet the directions of this Order, or the amended complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B); and

    b.  If the amended complaint is not timely filed, this case will be dismissed for failure to comply with this Order without further notice.

Dated: <u>October 18, 2024</u>                          <u>          /s/          </u>
                                                        Brendan A. Hurson
                                                        United States District Judge