IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL MOORE,

    Plaintiff,

v.                                     Civil No. 24-2210-BAH

MAYOR BRANDON SCOTT ET AL.,

    Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Plaintiff Michael Moore ("Plaintiff") filed the above-captioned complaint *pro se* together with a motion for leave to proceed in forma pauperis, ECF 2, which was granted. ECF 9. On October 18, 2024, this Court ordered Plaintiff to file an amended complaint to cure identified pleading deficiencies. ECF 9. After Plaintiff failed to file an amended complaint by the deadline, the Court dismissed the complaint on November 20, 2024. ECF 10. Plaintiff filed correspondence on December 3, 2024, ECF 11, which the Court construed as a motion to reopen. The Court granted the motion to reopen on December 6, 2024, and directed Plaintiff to file an amended complaint by January 3, 2025, that complies with the directives in the Court's memorandum and order at ECF 9. *See* ECF 12. Plaintiff then filed an amended complaint on December 9, 2024. ECF 13. On February 19, 2025, the Court held that Plaintiff's amended complaint failed to cure the complaint's deficiencies outlined in the Court's October 18, 2024 memorandum and order; however, the Court granted Plaintiff one additional opportunity to amend his complaint. ECF 17. Between February 20, 2025 and March 19, 2025, Plaintiff filed a motion for leave to present omitted evidence, ECF 18, a second amended complaint, ECF 19, a motion for judgment, ECF 20,

1

and a motion for summary judgment, ECF 22. Plaintiff has now had two opportunities to cure the deficiencies in his Complaint but has failed to do so. The documents filed by Plaintiff fail to state a claim upon which relief can be granted. As such, the Second Amended Complaint will be dismissed without prejudice.

In the Second Amended Complaint, ECF 19, Plaintiff asserts that he "brings this amended complaint to emphasize the ongoing violation of [his] fundamental rights, which are essential to [his] safety, liberty, and pursuit of justice, while this case remains under judicial consideration." *Id.* at 2. In the section labeled "factual allegations," however, Plaintiff fails to allege specific facts, and instead appears to include boilerplate language unrelated to his case. *See, e.g., id.* at 3 ("During the pendency of these proceedings, my rights to [specify rights, e.g., 'due process under the Fifth and Fourteenth Amendments,' 'freedom from retaliation under the First Amendment,' 'equal protection,' etc.] remain under active threat, exacerbating the danger to my person and well-being."); *id.* at 2 ("Plaintiff incorporates by reference all prior filings and evidence in this case, including [specify docket numbers, dates, or descriptions of documents if known, e.g., Docket filed 10/07/2025, which details the dangers and harms [Plaintiff has] already suffered."); *id.* ("These harms include, but are not limited to, [briefly describe documented dangers, e.g., "physical threats, retaliation, deprivation of liberty, or property loss"], as acknowledged in the federal court record."). Accordingly, Plaintiff has failed to put forth specific factual allegations to support his claims or address the deficiencies identified in this Court's memorandum opinion issued on February 19, 2025.

Additionally, Plaintiff filed a motion for judgment, ECF 20, and a motion for summary judgment, ECF 22, claiming that "Defendant has failed to answer or otherwise defend" and therefore Plaintiff requests entry of default. ECF 20, at 1. However, this Court has already

2

explained Defendants' failure to respond in its prior memorandum opinion when it clarified the litigation process for Plaintiff:

> The Court seeks to clarify the litigation process for Plaintiff to avoid confusion. Because Plaintiff has not paid the filing fee, Section 1915(e)(2)(B) of 28 U.S.C. requires this Court to conduct an initial screening of this complaint and dismiss any complaint that: (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020). Because Plaintiff's complaints have thus far failed to state a claim upon which relief may be granted, service has not yet been effectuated on Defendants. In other words, Defendants do not yet have notice of this lawsuit and have not been given an opportunity to respond. If Plaintiff files a second amended complaint that satisfies the requirements in this Order, the litigation will then proceed, and Defendants will be served and given an opportunity to respond to Plaintiff's allegations.

ECF 17, at 5. Despite this explanation, Plaintiff filed a motion for judgment and a motion for summary judgment on the grounds that Defendants have failed to respond to the Complaint. *See* ECFs 20, 22. Because Plaintiff's Second Amended Complaint is devoid of factual allegations and fails to cure the deficiencies previously identified by this Court, the motion for judgment and motion for summary judgment will be denied as moot.

Moreover, Plaintiff filed a motion seeking leave to file a video exhibit, which this Court previously denied as premature. *See* ECF 9, at 9. The request is now moot given dismissal of the Complaint, thus the motion for leave to present omitted evidence, ECF 18, is denied.

In addition to its "inherent authority" to dismiss "frivolous complaints," *Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014), a court can also dismiss a complaint sua sponte for failure to state a claim. *See Webb v. EPA*, 914 F.2d 1493 (4th Cir. 1990). However, "district courts may only exercise their authority to sua sponte dismiss inadequate complaints if the procedure employed is fair to the parties. Namely, the party whose complaint stands to be

dismissed must be afforded notice and an opportunity to amend the complaint or otherwise respond." *Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 291 (4th Cir. 2021). The Court has afforded Plaintiff two opportunities to cure the deficiencies identified in the prior complaints and Plaintiff has failed to do so.

Accordingly, it is this 11 day of April, 2025, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Second Amended Complaint is DISMISSED without prejudice;

2. The Motion for Leave to file Omitted Evidence is DENIED;

3. The Motion for Judgment and Motion for Summary Judgment are DENIED as moot;

4. The Clerk SHALL PROVIDE a copy of this Order to Plaintiff; and

5. The Clerk SHALL CLOSE this case.

Dated: April 11, 2025

/s/
Brendan A. Hurson
United States District Judge